## McEachern Estate

*Aubrey R. Newlin,* for accountant.

KLEIN, P. J., September 20, 1957.—Warren W. McEachern died on October 8, 1956, intestate and without issue, leaving to survive him, according to the statement of proposed distribution, Clara McEachern, also known as Clarabelle McEachern, who is described as decedent's widow.

The statement of proposed distribution recites that the said Clara McEachern entered into a common-law marriage with decedent on August 20, 1920, in Philadelphia, and that she died in Norfolk, Va., on December 16, 1956. Letters of administration on her estate are stated to have been granted to Florence McRae, as administratrix, who is claiming, on behalf of the estate of the said Clara McEachern, the entire estate of the present decedent.

Common-law marriages are never taken for granted. They will be recognized only upon strict proof. In Nikitka's Estate, 346 Pa. 63, the court said, at page 67:

"The law, of necessity, imposes a heavy burden on one who grounds his claim on an allegation of common-

law marriage. As said by President Judge Keller in Baker v. Mitchell, 143 Pa. Superior Ct. 50, 54: 'The Law of Pennsylvania recognizes common-law marriages. But they are a fruitful source of perjury and fraud, and, in consequence, they are to be tolerated, not encouraged; the professed contract should be examined with great scrutiny, and it should plainly appear that there was an actual agreement entered into, then and there, to form the legal relation of husband and wife.' Especially is this true where one of the parties is dead and the claim so grounded is to share in the distribution of his estate. 'When the lips of a man are sealed by death, and he leaves no satisfactory evidence as to the existence of such contract, courts will be very slow to establish it in derogation of the undoubted rights of those who follow him': Stevenson's Estate, supra, 301. See also Craig's Estate, supra, 538; Osterling's Estate, 323 Pa. 23, 27; McGrath's Estate, supra, 318."

In the present case the allegation of the existence of a common-law marriage is completely unsupported by evidence of any kind. Before the administratrix of the estate of Clara McEachern, deceased, can enforce her claim against this estate, it will be necessary to establish by strict proof the existence of a common-law marriage between the parties.

Furthermore, there appears to be doubt as to whether decedent was survived by other next of kin, as the statement of proposed distribution refers to one Victoria Parker as "alleged niece of Warren W. McEachern, Deceased."

Under the circumstances of this case, it is necessary to give notice to the Department of Revenue, Commonwealth of Pennsylvania, Bureau of Escheats, in order that it may investigate the matter to determine whether it has an interest in these proceedings.

Accordingly, the case is continued generally and

may be ordered down when the personal representative of the alleged widow is prepared to furnish proof of the common-law marriage upon which the claim to the present estate is based.